```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

NUTRAMAX LABORATORIES, INC.    *

            Plaintiff          *

          vs.                  *   CIVIL ACTION NO. MJG-11-1991

HOSOKAWA MICRON                *
INTERNATIONAL, INC., et al.
                               *
            Defendants
*       *       *      *      *      *      *      *      *
           MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS
```

The Court has before it the Partial Motion to Dismiss Second Amended Complaint [Document 27] filed by Defendant Hosokawa Micron International Inc. ("the U. S. Company"), the Partial Motion to Dismiss Second Amended Complaint [Document 45] filed by Defendant Hosokawa Bepex GmbH ("the German Company"), and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.  BACKGROUND[1]

On September 8, 2009, Nutramax Laboratories, Inc. ("Plaintiff") entered into a contract with the German Company to purchase a "Production Machine" used to make certain "soft chew" products for animal consumption.  Plaintiff specified a requirement for the products produced to be within a 3.5% weight

---

[1] The "facts" stated herein are as alleged by Plaintiff.

tolerance. A letter dated September 21, 2009, signed by the German Company,[2] agreed by the parties to be incorporated by reference into the September 8, 2009 contract, states that "Hosokawa Confectionery & Bakery" (a division of the U.S. Company) will do everything necessary, at its own expense, to meet the 3.5% weight tolerance requirement. This commitment was not fulfilled.

As discussed at the hearing, the Court finds plausible Plaintiff's contention that the U.S. Company became a party to the September 8, 2009 contract by virtue of the September 21, 2009 letter. Hence, it is plausibly contended that the German Company was authorized to commit the U.S. Company to do what was necessary to make the Production Machine compliant with the weight control requirement.

## II. DISCUSSION

Plaintiff has sued the German Company and the U.S. Company under the Maryland Uniform Commercial Code ("UCC") and the United Nations Convention on Contracts for the International Sale of Goods ("CISG").

---

[2] However, the quotation and letter are both written on the stationery of Hosokawa Confectionery & Bakery, a Division of the U.S. Company.

By the instant motions, the German Company seeks dismissal of any claims against it based upon the Maryland UCC and the U.S. Company seeks dismissal of any claims against it based upon the CISG.

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6)[3] tests the legal sufficiency of a complaint. A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

### A.   The German Company Motion

As clarified at the hearing, Plaintiff does not contend that the German Company can be held liable under the Maryland UCC.  Plaintiff does contend, however, that the German Company can be held liable for damages that may be awarded under the Maryland UCC against the U.S. Company.

The Court shall dismiss any claims against the German Company under the Maryland UCC.  The Court is not now addressing the merit, or lack of merit, of Plaintiff's contention that the German Company could be held liable for damages awarded against the U.S. Company under the Maryland UCC.

---

[3] All "Rule" references herein are to the Federal Rules of Civil Procedure.

B. <u>The U.S. Company Motion</u>

Plaintiff has made a plausible, although hardly compelling, claim that the U.S. Company could be subject to the CISG.

Plaintiff alleges facts sufficient to create a plausible claim that the U.S. Company could be found to be a party to the September 8, 2009 contract that provides that it is governed by "the law of Germany."[4] Plaintiff also alleges facts sufficient to create a plausible claim that the contract will be construed so as to constitute the U.S. Company's agreement to be subject to the CISG — for example, the contention that, by joining an affiliated entity as a party to an existing contract governed by the CISG, the U.S. Company agreed to be bound by the standards applicable to its affiliated co-contracting party.

III. <u>CONCLUSION</u>

For the foregoing reasons:

    1.    The Partial Motion to Dismiss Second Amended Complaint filed by Defendant Hosokawa Micron International Inc. [Document 27] is DENIED.

    2.    The Partial Motion to Dismiss Second Amended Complaint filed by Defendant Hosokawa Bepex GmbH [Document 45] is GRANTED without prejudice to the ability of Plaintiff to contend that said

---

[4] Applicable law clause in quotation. <u>See</u> Second Am. Compl., Ex. 1, 16.

>   defendant is liable for any damages that may be awarded against Defendant Hosokawa Micron International Inc.
> 3. The case shall proceed pursuant to existing scheduling.

SO ORDERED, on Friday, July 20, 2012.

_____/s/_____
Marvin J. Garbis
United States District Judge
